Liu v. Holder

BIA
Hom, IJ
A077 316 791

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand thirteen.

PRESENT:
        JOSÉ A. CABRANES,
        BARRINGTON D. PARKER,
        DENNY CHIN,
            *Circuit Judges.*

_____

XIE QIAN LIU,
        *Petitioner,*

      v.                        12-604
                                    NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:      Oleh R. Tustaniwsky, Brooklyn, New York

FOR RESPONDENT:     Stuart F. Delery, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Sabatino F. Leo, Trial Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xie Qian Liu, a native and citizen of the People's Republic of China, seeks review of a January 17, 2012, order of the BIA, affirming the April 14, 2010, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for relief under the Convention Against Torture ("CAT"). *In re Xie Qian Liu*, No. A077 316 791 (B.I.A. Jan. 17, 2012), *aff'g* No. A077 316 791 (Immig. Ct. N.Y. City April 14, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency did not err in concluding that Liu failed to establish a likelihood that he would be tortured by or with the consent or acquiescence of the Chinese government. *See* 8 C.F.R. § 1208.18(a)(1); *see also Khouzam v. Ashcroft*, 361 F.3d 161, 168-71 (2d Cir. 2004). Liu alleged that he feared that smugglers who had helped him illegally depart China would torture him, and that the Chinese government would torture him for having departed China illegally. As the agency found, however, Liu's admission that neither he nor his family had ever been threatened by the smugglers to whom he allegedly owed money, as well as Liu's failure to provide any particularized evidence to corroborate that he still owed an outstanding debt to the smugglers, undermined his claim that he would more likely than not be tortured by the smugglers upon his return to China. *See* 8 C.F.R. § 1208.16(c)(3)(i) ("In assessing whether it is more likely than not that an applicant would be tortured . . . all evidence relevant to the possibility of future torture shall be considered, including, but not limited to . . . [e]vidence of past torture inflicted upon the applicant.").

Furthermore, the agency reasonably found that the 2007 U.S. Department of State Profile of Asylum Claims did little

3

to reinforce Liu's claimed fear of future torture, as it indicated that the Chinese government rarely imposes excessive fines or physically abuses individuals who have departed the country illegally.  Moreover, as the IJ found, the Canadian Immigration and Refugee Board report did not establish that the Chinese government would acquiesce in any actions by the smugglers against Liu for failing to pay the alleged debt, as the report indicated that Chinese authorities prosecute smugglers and officials who are found to have collaborated with smugglers.  *See* 8 C.F.R. § 1208.18(a)(1) (requiring torture cognizable under CAT to be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity"); *see also Khouzam,* 361 F.3d at 170-71.  Finally, contrary to Liu's argument, a reasonable fact-finder would not be compelled to conclude that the agency ignored any material evidence that he submitted.  *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir. 2006) (noting that this Court will "presume" that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"); *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006).

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

5